Edward Dzierzawski v. Commissioner.
Dzierzawski v. Commissioner
Docket Nos. 75009, 79436.
United States Tax Court
T.C. Memo 1960-16; 1960 Tax Ct. Memo LEXIS 274; 19 T.C.M. (CCH) 97; T.C.M. (RIA) 60016; February 12, 1960
Edward Dzierzawski, pro se, 9449 McDougall, Hamtramck, Mich. Robert W. Siegel, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined deficiencies in petitioner's income tax for each of the years 1956 and 1957 in the amount of $126. The only issue is whether petitioner furnished more than one-half the support of the claimed dependent, Robert Dzierzawski, during the years in queston so as to entitle him to a deduction therefor under the provisions of sections 151 and 152, Internal Revenue Code of 1954. Findings of Fact Facts which have been stipulated are so found. Petitioner resides in Hamtramck, Michigan, and he filed his income tax returns for the years 1956 and 1957 with the district director *275 of internal revenue for the district of Michigan at Detroit, Michigan. In these returns petitioner claimed as a dependent his minor son, Robert. During said years Robert resided with his mother, who was petitioner's divorced wife, Mary Dzierzawski. Respondent's notice of deficiency disallowed the deductions for Robert as a dependent in said years. Giving petitioner credit for all payments made by him pursuant to the child support provisions of the divorce decree, and all other payments or gifts about which he testified which might be construed as support, he expended not more than $715.55 and $740.34 in the years 1956 and 1957, respectively, for the support of his son. Petitioner did not contribute more than 50 per cent of the total amount spent for the support of his son in each of the years 1956 and 1957. Opinion Petitioner appeared without counsel and tried his own case. Some of the stipulated facts and petitioner's testimony tend to establish his expenditures during the years in question for the support of his son. He had the burden of showing these expenditures amounted to more than 50 per cent of the total cost of the child's support for each of said years. Petitioner *276 offered no evidence of the total amount paid in each year for the support of his son. Respondent had the child's mother testify. She had custody of the boy during the years in question. She and the boy lived alone in a four-room home owned by the mother and she earned approximately $2,000 a year as a full-time employee of a sausage company. She testified in much detail as to her expenditures to keep up the home and for the ultilities in the home. She also testified as to her expenditures for Robert's schooling; her rather heavy expense for baby sitters, because of her employment; Robert's expenses for clothing, food and haircuts; and his medical expenses. She also testified she received some financial help from her sister and her parents during said years. We need not review her evidence here. It is enough to state it gives rise to a strong inference that petitioner paid less than one-half of the support for Robert during the years in question. Petitioner failed to sustain his burden of establishing that he contributed over half of the amount expended for the support of his son during the years 1956 and 1957. Decisions will be entered for the respondent.